UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA., <br><br> Plaintiff, <br> v. <br> SVYATOSLAV BONDARENKO, *et al.*, <br><br> Defendants. | Case No. 2:17-cr-00306-JCM-VCF <br><br> ORDER |

Presently before the court is Taimoor Zaman's ("Zaman") motion for compassionate release. (ECF No. 1037). The United States of America ("the government") filed a response (ECF No. 1042), to which Zaman replied. (ECF No. 1055).

Also before the court is the government's motion to seal the response and accompanying exhibits. (ECF No. 1043).

**I.   Background**

On September 23, 2021, Zaman was sentenced to 82 months in prison for one count of conspiracy to engage in a racketeer influenced corruption organization, in violation of 18 U.S.C. §§ 1962(d) and 1963. (ECF No. 961 at 1). Zaman's sentence includes credit for time served dating back to his arrest on February 7, 2018. (ECF No. 961). Zaman contends he has served over 60 percent of his 82-month sentence. (ECF No. 1055 at 2).

Zaman has submitted two requests for compassionate release to the warden of the Lompoc Federal Correctional Institution—one in November of 2021 and another in March of 2022. (ECF No. 1055-1). Zaman contends each request went unanswered for over thirty days. (ECF No. 1055

at 3). Zaman filed the instant motion for compassionate release on May 8, 2022. (ECF. No. 1037 at 1).

## II.     Legal Standard

The court can reduce a prison sentence for "extraordinary or compelling reasons" under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5239 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). This statutory authorization is a limited exception to the general rule that a court "may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)).

Before a defendant can move for compassionate release, he must first ask the Federal Bureau of Prisons (the "BOP") to do so on his behalf, typically by submitting a request to the warden. 18 U.S.C. § 3582(c)(1)(A). He must then exhaust all administrative rights to appeal the BOP's denial of his request or wait thirty days for his request to go unanswered, whichever comes first. *Id.*

To grant compassionate release, the court must make two findings. First, there must be "extraordinary and compelling reasons" that warrant compassionate release and, second, release must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable Sentencing Commission policy statement lists specific circumstances related to the defendant's medical condition, age, and family circumstances that are extraordinary and compelling.[1] U.S.S.G. § 1B1.13, cmt. 1. The policy statement also requires the court to consider whether the defendant is a danger to the community based on the factors set forth in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

District courts have granted compassionate release under circumstances beyond those listed in the policy statement. *United States v. Regas*, No. 391CR00057MMDNA1, 2020 WL 2926457 (D. Nev. June 3, 2020); *United States v. Arreola-Bretado*, No. 3:19-CR-03410-BTM,

---

[1] The specific extraordinary and compelling circumstances are: (1) the defendant is either "suffering from a terminal illness" or some other serious condition "that substantially diminishes the ability of the defendant to provide self-care" in prison; (2) the defendant is at least 65 years old, is experiencing deteriorating health, and has served a substantial portion of his sentence; (3) certain family circumstances like the incapacitation of a spouse; and (4) other reasons "as determined by the Director of the [BOP]." USSG § 1B1.13, cmt. 1.

2

2020 WL 2535049 (S.D. Cal. May 15, 2020); *United States v. Kesoyan*, Case No. 2:15-cr-236-JAM, 2020 WL 2039028 (E.D. Cal. Apr. 28, 2020). That is because the policy statement was last substantively amended in November 2016, before the passage of the First Step Act in December 2018. Courts have reasoned that Congress's intent in passing the First Step Act—which allows inmates to move for compassionate release when the BOP declines to do so—was to entrust district courts to consider a variety of circumstances that could be extraordinary and compelling. *See Arreola-Bretado*, 2020 WL 2535049, at *2. The court agrees that its discretion to grant compassionate release is not strictly limited to the specific circumstances in the Sentencing Commission's policy statement.

Lastly, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)—(7).

### III. Discussion

As an initial matter, and with good cause appearing, the court grants the government's motion to seal. (ECF No. 1043).

Zaman contends his medical conditions place him at enhanced risk while incarcerated during the coronavirus ("COVID") pandemic. (ECF No. 1037 at 2). He also contends his incarceration has exacerbated his daughter's mental health issues and led to economic challenges for his family. (*Id.* at 8). Zaman argues his medical conditions and family circumstances constitute extraordinary and compelling reasons that warrant his compassionate release. (*Id.* at 2)

Zaman contends to have exhausted administrative remedies with the BOP under 18 U.S.C. § 3582(c)(1)(A) by submitting two requests for compassionate release to the warden of the Lompoc Federal Correctional Institution. (ECF No. 1055-3). Zaman further contends the BOP

provided no response to either of his requests. (*Id.*) This court finds Zaman has properly exhausted his administrative rights to submit and appeal requests to the BOP. Zaman has twice submitted a request to the BOP, both of which went unanswered for thirty days, leaving no opportunity for Zaman to appeal a BOP decision. In both requests, Zaman cited his medical conditions and his family hardships as reasons for his request. (ECF No. 1055-1). Therefore, the court may properly consider Zaman's motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

To grant compassionate release, the court must make two findings. First, there must be "extraordinary and compelling reasons" that warrant compassionate release, and second, the release must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the director of the BOP. U.S.S.G. § 1B1.13.

### A. Medical Condition of the Defendant

Zaman suffers from diabetes, hypertension, and orthopedic issues, which he contends exacerbate the effects of COVID and place him at risk of serious harm or death while incarcerated. (ECF No. 1037 at 5). Zaman is 38 years old, is vaccinated against COVID, and has already recovered from the virus once while incarcerated and does not report serious lingering effects of COVID. (ECF Nos. 1037 at 6, 1037-4 at 2, 1055 at 4). Nevertheless, Zaman submits the potential severe and deadly consequences from a COVID reinfection constitute extraordinary and compelling medical conditions that warrant his compassionate release. (ECF No. 1037 at 5). This court disagrees.

Zaman primarily relies on caselaw from before the release of vaccines, when the government conceded to the extraordinary risk. However, these circumstances no longer exist, and now courts routinely deny COVID-inspired compassionate release motions based on the efficacy of vaccines. *See, e.g.*, *United States v. Burrow*, No. 219CR00295GMNNJK, 2022 WL 2307155, at *2 (D. Nev. June 27, 2022); *see also United States v. Young*, No. 3:08-cr-00120-LRH-VPC, 2021 WL 4899159, at *2 (D. Nev. Oct. 20, 2021) (finding extraordinary and compelling

reasons do not exist for compassionate release because of COVID vaccine efficacy).

The Centers for Disease Control and Prevention have advised that the vaccine effectively protects individuals against serious health outcomes from the virus.[2]  Because Zaman is vaccinated, any additional risks posed by his health conditions do not rise to the level of extraordinary and compelling reasons necessary to warrant compassionate release.

### B. Family Circumstances

Compassionate release may be warranted in extraordinary and compelling family circumstances. Such situations include "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," as well as "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C).  Generally, these circumstances involve situations where the defendant is an *irreplaceable* caretaker.

Zaman is a father of three daughters, who are being cared for by his wife. (ECF No. 1037 at 7). Zaman contends that his incarceration has exacerbated his eldest daughter's health issues, leading to deficiencies in her academics, periods of emotional instability, and bed wetting. (*Id.*). He also submits his absence is affecting his family economically because his wife is unable to "financially care" for the family given the young age of his children. (*Id.* at 9). Though the court is sympathetic, the facts do not meet the level of extraordinariness required for a compassionate release based on family circumstances. While it may be difficult for Zaman's wife to care for their three daughters, Zaman is not the only available caregiver. *See United States v. Rahman*, No. 2:15-cr-00178-GMN-GWF, 2020 WL 5042782, at *3 (D. Nev. Aug. 24, 2020) (denying compassionate release when the defendant failed to demonstrate that he is the only available caregiver).

### IV. Conclusion

Accordingly,

---

[2] *See* Centers for Disease Control and Prevention, *Overview of COVID-19 Vaccines*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/overview-COVID-19-vaccines.html (last updated October 24, 2022).

1    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Zaman's motion for
2 compassionate release (ECF No. 1037) be, and the same hereby is, DENIED.
3    IT IS FURTHER ORDERED that the government's motion to seal (ECF No. 1043) be,
4 and the same hereby is, GRANTED.
5    DATED THIS 3rd day of November 2022.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE